IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 2:07-CR-81-MEF
)
GREGORY THOMPSON )

**PLEA AGREEMENT**

DEFENSE COUNSEL:            RICHARD MATTHEWS

ASSISTANT U.S. ATTORNEY:    VERNE H. SPEIRS

**COUNTS AND STATUTES CHARGED IN INFORMATION**:

Count 1     18 U.S.C § 1951(a)
            Interference with commerce by extortion (Color of Official Right)
            Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years.

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT**:

Count 1     18 U.S.C § 1951(a)
            Interference with commerce by extortion (Color of Official Right)
            Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years.

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1
18 U.S.C. § 1951(a)
NMT $250,000 or twice gross loss to victim or twice gross gain to defendant, whichever is greatest;
NMT 20Y, or both;
NMT 3Y SUP REL;
$100 Assessment Fee;
VWPA

**ELEMENTS OF THE OFFENSE:**

Count 1     18 U.S.C. § 1951(a)

1. That the Defendant induced the person described in the Information to part with property;

2. That the Defendant did so knowingly and willfully by means of "extortion" - i.e., the wrongful taking or receipt by a public officer of property not due to the officer knowing that the payment or property was taken or received in return for performing or withholding official acts;

3. That the extortionate transaction delayed, interrupted or affected commerce.

* * * * * * * * * * * * * * * * * * * * *

Verne H. Speirs, Assistant United States Attorney, and Richard Matthews attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information herein and a Plea Agreement has been reached by said parties in the following respects:

2

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in the Information, the attorney for the Government will do the following:

    a. The parties agrees that a specific sentence of 20 months imprisonment is the appropriate disposition of the case.

    c. The parties agree that although defendant takes responsibility for his criminal actions, any reduction in offense level pursuant to U.S.S.G § 3E1.1 (Acceptance of Responsibility) is included in a specific sentence of 20 months.

    d. The parties agree that the defendant, pursuant to U.S.S.G. § 5K1.1 (Substantial Assistance), has provided substantial assistance to federal authorities in the investigation of other individuals and other potential violations of the federal criminal law within the Middle District of Alabama. The parties agree that a specific sentence of 20 months accounts for defendants total substantial assistance and that no further reductions will be sought at the time of sentencing.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction

proceeding.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing Court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or §5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

Nothing in this section shall be construed as a waiver of appeal based on ineffective assistance of counsel.

### **DEFENDANT'S PROVISIONS**

3. The defendant agrees to the following:

   a. To plead guilty to the Information.

   b. To divest himself of any and all firearms in his possession to either a Federal Firearms Licensee or other individual authorized by law to possess firearms.

   c. Not commit any State, local or federal offenses.

d. Comply with all provisions of this plea agreement.

**FACTUAL BASIS**

At all time relevant to the Information filed in this case, Defendant Gregory Thompson was a police officer with the Wetumpka Police Department, Wetumpka, Alabama. While a police officer, Gregory Thompson befriended Tony Mitchell. During the course of their friendship, Officer Gregory Thompson learned that Tony Mitchell was involved in the illegal possession or distribution of controlled substances within the Wetumpka, Alabama, area. Despite knowing that Tony Mitchell was involved in the illegal possession or distribution of controlled substances, Officer Gregory Thompson never disclosed his relationship with Tony Mitchell to any law enforcement agency.

On or about December 15, 2005, Officer Gregory Thompson was on official duty as a patrolman. On or about December 15, 2005, Tony Mitchell asked Officer Gregory Thompson to surveil a meeting between Tony Mitchell and an unnamed individual. After the meeting between Tony Mitchell and the unnamed individual, Tony Mitchell directed Officer Gregory Thompson to conduct a traffic stop of the unnamed individual's vehicle. Subsequently, using his patrol car and under the guise of an illegal lane change, Officer Gregory Thompson stopped the unnamed individual. In truth, the traffic stop was orchestrated by Officer Gregory Thompson and Tony Mitchell to retrieve a package from the unnamed individual and return it to Tony Mitchell.

Once the unnamed individual was stopped (and after he consented to a search), Officer Gregory Thompson searched the vehicle for Mitchell's package. Ultimately, Officer Gregory Thompson was unable to locate Mitchell's package. Later in December 2005, Tony Mitchell

paid Officer Gregory Thompson $200.00 for stopping the unnamed individual's vehicle and searching it for Mitchell's package.

## COOPERATION AGREEMENT

4.  The defendant agrees to make a good faith effort to assist the government in the investigation and prosecution of other persons involved in the illegal manufacture, distribution, or possession of controlled substances and assist in the investigation of other persons involved in the illegal possession, manufacture or distribution of firearms; or any other illegal activity of which the Defendant has personal knowledge. **Merely providing information does not amount to substantial assistance.**

    a.  The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so. The defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon. The defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the government upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the government. He agrees to fully and truthfully disclose to the government everything he knows about any and all documents and materials in his possession that relate to violations of federal narcotics statutes and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the government if requested to do so.

  b. Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. The defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

  c. If the defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the government will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during his testimony before grand juries or in trials, then the government will be free to: (1) prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and sentencings the Information and documents that he has himself disclosed or furnished to the government during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties agree to submit to the Court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement. **Defendant further understands that upon any breach of this plea agreement, by the defendant, he will not be entitled to withdraw his guilty plea in this case**.

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

5. The defendant, before entering a plea of guilty to Count 2 of the Information as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. The defendant further understands that pursuant to Title 18, United States Code, Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

    c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

    d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the

defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea only if the Court rejects the plea agreement.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime(s) charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crime(s) charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the Court record, and in the presence of counsel.

j. The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

6. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be

a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

7. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court may differ from that projected by defendant's counsel or the U.S. Attorney. In the event that the Court determines the defendant's offense level or criminal history category to be higher than the defendant anticipated, the defendant will have no right to withdraw the plea on that basis.

This 26th day of April, 2007.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


LOUIS V. FRANKLIN, Sr.
Chief, Criminal Division

VERNE H. SPEIRS
Assistant United States Attorney

11

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DONNIE BETHEL.

_____
Gregory Thompson
Defendant

04/26/2007
Date

_____
Richard Matthews
Attorney for the Defendant

04/26/2007
Date